IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 10-00173 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR EARLY |
| | ) | TERMINATION OF SUPERVISED |
| vs. | ) | RELEASE |
| | ) | |
| LORAINA VAIMILI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING**
**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant Loraina Vaimili moves for early termination
of supervised release, having served about 34 months of a
48-month supervised release term.  She notes that she has not
been found to have violated the conditions of supervised release.

Defendant says that she "is aware that U.S. Probation
may proffer additional facts to the Court regarding Ms. Vaimili's
supervision in order to influence the Court's decision making on
the instant motion."  The United States' opposition memorandum
refers to discussions with the United States Probation Office.
Defense counsel thus appears to be aware that Probation is not
supporting Vaimili's request.  It is not clear that defense
counsel has spoken with Probation about the request, but defense
counsel must certainly realize that, if contacted, Probation
would provide defense counsel with the same information it has
discussed with the United States.  To the court's knowledge, the
court does not have "secret" information relating to Vaimili's

request that Probation is declining to share with counsel. If defense counsel needs more time to contact Probation and to respond to Probation's concerns, defense counsel should notify this court, which may then consider what action might be appropriate.

In the meantime, this court is denying the motion because Vaimili appears to require repeated prodding and monitoring to comply with Probation's directions. Sometimes, she has corrected what might have been charged as violations only belatedly. For example, she changed her residence without the required advance notice to Probation, bought a vehicle without notifying Probation, and made it difficult for Probation to contact her by failing to report at least twice that she had lost her cell phone. She provided Probation with verification that she had filed her 2017 tax return just last month, after having been directed by Probation over an 11-month period that she needed to file an amended tax return reflecting her self-employed income as a hair stylist. (Her original 2017 tax return had shown only her paystub income, and she had received a tax refund with respect to that income.) When, in addition to earning income as an employee, she asked to be allowed to conduct this self-employment, Probation cautioned her that she would need to comply with self-employment tax requirements. Nevertheless, she was so tardy in that compliance that Probation felt compelled to

monitor her activities on a weekly basis as it sought to get her to amend her 2017 tax return, which she has now done, along with filing her 2018 tax return.

While the court agrees that no supervised release violation has been found by the court, Vaimili continues to seem to need monitoring. For that reason, this court declines to grant her request for early termination of supervised release at this time.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; March 18, 2019.



_/s/ Susan Oki Mollway_____
Susan Oki Mollway
United States District Judge

United States of America v. Loraina Vaimili, CR. NO. 10-00173 SOM
ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE